UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER CARISTIA | : |
| | : |
| v. | : CIV. NO.3:10CV1419(WWE) |
| | : |
| JOHN DOE, JANE DOE, | : |
| POLICE OFFICERS OF THE | : |
| CONNECTICUT DEPARTMENT OF | : |
| PUBLIC SAFETY | : |

RECOMMENDED RULING

Plaintiff Christopher Caristia brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. The civil rights complaint filed by plaintiff asserts two claims for relief pursuant to 42 U.S.C. § 1983, for violation of his Fourth Amendment rights and malicious prosecution. For the reasons set forth below, plaintiff's complaint is **DISMISSED.**

I. Standard of Review

Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and is granted leave to proceed in forma pauperis in this action. However, when the court grants in forma pauperis status, § 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements. The "court shall dismiss the case at any time if the court determines that-- ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

1

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The court construes pro se complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, "when an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915(e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston, 141 F.3d at 437 (quoting Benitez, 907 F.2d at 1295). The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in

2

stating a claim," the court should permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

II. Discussion

Plaintiff's complaint **[Doc. # 1]** alleges that certain unnamed police officers or Connecticut State Troopers reported to a State's Attorney that the plaintiff refused to submit to the taking of a blood or biological sample in violation of Conn. Gen. Stat. § 54-102g. Plaintiff alleges that as "a result of the complaint, the Prosecuting Attorney secured a warrant for the Plaintiff's arrest from the court." **[Doc. # 1, Compl. ¶ 3]**. Plaintiff further alleges that pursuant to the warrant, he was arrested on July 10, 2010 and that the charges which give rise to the warrant and arrest were subsequently dismissed on July 21, 2010. **[Id. at ¶¶ 4-5]**. The crux of plaintiff's complaint is that the charges were false in that he had satisfied the requirements of Conn. Gen. Stat. § 54-102g in 2008. **[Id. at ¶ 6]**.

Plaintiff's claims brought under § 1983 against individual unnamed police officers and/or state troopers of the State of Connecticut in their official capacities and the Connecticut Department of Public Safety are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

"It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (finding that the plaintiff's § 1983 claim against state agency is barred by the Eleventh Amendment). Moreover, the Eleventh Amendment bars the award of damages against state officials in their official capacities. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)("a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Plaintiff's claims, brought under § 1983 against a state agency and its officials in their official capacities, fail to state a claim upon which relief may be granted and must therefore be dismissed.

III. Conclusion

Despite the mandate to proceed with caution and leniency when considering whether to dismiss a case under § 1915(e), this case should be dismissed. The Complaint is **DISMISSED**. See 28 U.S.C. §

4

1915(e)(2)(B)(i). Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order.  Failure to object with ten (10) days may preclude appellate review.  <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15 (2d Cir. 1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

    ENTERED at Bridgeport, this 24th day of September 2010.

                                  _____/s/_____
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE